NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-622

MARK KINCHLA & others[1]

vs.

HILDRED PENNOYER & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Plaintiff Mark Kinchla appeals from the dismissal of certain of his claims in the Superior Court and from an order denying his petition to vacate an arbitration award regarding certain other claims of his.  We are unable to determine whether

---

[1] Peter Kinchla; Joanne Kinchla; Paul J. Kinchla, Jr.; and Maryanne (Kinchla) Sorge.  Because the Kinchlas "share the same last name, we will refer to them by their first names." Passero v. Fitzsimmons, 92 Mass. App. Ct. 76, 78 n.3 (2017).  Joanne, Paul, and Maryanne, through counsel, filed a notice that they did not intend to file a brief or pursue this appeal.  Peter failed to file a brief or to respond to our request that he inform us whether he intended to file a brief.

[2] Michael Kinchla, individually and as trustee of the Paul J. Kinchla Trust, as trustee of the Marjorie G. Kinchla Trust, and as trustee of the PJK Nominee Trust; Disola Development, LLC; and O'Connor & Drew, P.C.

summary judgment was properly granted because the record we have been provided is inadequate to make that determination. Concluding that Mark's other claims lack merit, we affirm.

1. Appellate jurisdiction. The resolution of this case in the Superior Court has proceeded in four stages. First, in December 2014, a Superior Court judge denied the motion of O'Connor & Drew, P.C. (O'Connor & Drew), to dismiss the complaint against it but granted its motion for a more definitive statement. The plaintiffs' motions to file a second amended complaint with a more definitive statement were denied in May and August 2015, effectively dismissing the complaint as to O'Connor & Drew.

Second, in July 2017, a different Superior Court judge (second judge) granted summary judgment to the remaining defendants on the plaintiffs' claims relating to transfers of interest in Disola Development, LLC (Disola claims).

Third, in August 2021, the parties agreed to submit the claims regarding the three trusts to binding arbitration. In September 2023, the arbitrator issued an award favorable to Michael Kinchla. The plaintiffs filed a petition to modify, correct, or vacate the award, and a third Superior Court judge (third judge) denied that petition in January 2024. On February 1, 2024, the plaintiffs filed a notice of appeal.

Fourth, in August 2024, the third judge issued an order stating that the defendants would be allowed attorney's fees related to the Disola claims pursuant to G. L. c. 231, § 6F, and Mass. R. Civ. P. 11, as amended, 456 Mass. 1401 (2010). Litigation regarding the amount of those fees remains ongoing.

The first jurisdictional wrinkle facing us is the fact that the Superior Court never entered a judgment dismissing the Disola claims or the claims against O'Connor & Drew. Normally, the absence of a final judgment would deprive us of appellate jurisdiction. See Linder v. Pollak, 102 Mass. App. Ct. 386, 390 (2023). Here, however, the case is final (putting aside, only for a moment, the attorney's fees litigation). With the confirmation of the arbitration award, the summary judgment order, and the denial of the plaintiffs' motions to file a second amended complaint, all counts in the complaint have been resolved. Although the court should have issued a separate document judgment pursuant to Mass. R. Civ. P. 58 (a), as amended, 371 Mass. 908 (1977), the absence of such a separate document judgment does not preclude appellate review where the case is otherwise final. See Zielinski v. Connecticut Valley Sanitary Waste Disposal, Inc., 70 Mass. App. Ct. 326, 330 (2007) ("it is not fair to prevent the parties' exercise of their

posttrial and appellate rights on the basis of clerical niceties").

The second jurisdictional wrinkle, as foretold, is the continued litigation regarding attorney's fees.  Here, the existence of "matters collateral to the judgment, such as attorney's fees," does not deprive the judgment of its finality. Tryon v. Massachusetts Bay Transp. Auth., 98 Mass. App. Ct. 673, 688 n.16 (2020).  Accordingly, the existence of this collateral litigation does not deprive us of appellate jurisdiction.

2.  Summary judgment.  Most of the plaintiff's brief challenges the order granting summary judgment to the defendants on the Disola claims.  "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law."  Jeune v. UMass Memorial Health Care Sys., 106 Mass. App. Ct. 95, 98 (2025), quoting Cottrell v. Laidley, 103 Mass. App. Ct. 483, 489 (2023).[3]

Regarding the Disola claims, the complaint was filed well outside the relevant statutes of limitations.  The plaintiffs

---

[3] Because we review the grant of summary judgment de novo, it is irrelevant whether the second Superior Court judge misplaced the burden of persuasion, as the plaintiff contends.

4

advanced two factual arguments against the statute of limitations:  fraudulent concealment and lack of mental capacity on the part of Paul Kinchla, Sr.  After reviewing the summary judgment record, the second judge found that the summary judgment record establishes that Paul Sr. had actual knowledge of the share assignments and "that mentally, [Paul Kinchla, Sr.] was functioning at a high level."

The record presented to us is woefully inadequate to determine whether these rulings were correct.  The summary judgment record consisted of "99 numbered exhibits -- consisting of thousands of pages."  The plaintiff has provided us with thirty-eight pages from the summary judgment record.  None of these pages, by themselves or together, establish that a genuine issue of material fact exists regarding either fraudulent concealment or lack of capacity.  "The burden is on the appellant to ensure that an adequate record exists for an appellate court to evaluate." Openshaw v. Openshaw, 493 Mass. 599, 611 n.21 (2024), quoting Commonwealth v. Woods, 419 Mass. 366, 371 (1995).  "Generally, his failure to do so is fatal to his appeal." Roby v. Superintendent, Mass. Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018).  This is not some technical requirement; it is impossible for us to determine whether there was error on the record before us.

3. Other arguments. We discern no abuse of discretion in the second judge's declining plaintiffs' counsel's offer to submit citations to the summary judgment record after the hearing on the summary judgment motion. Although the judge would have been well within his discretion to disregard the plaintiffs' submission altogether, see Nickerson v. Flynn-Morris, 103 Mass. App. Ct. 703, 708 (2024), the judge instead "reviewed the exhibits for information relevant to the statute of limitations defense being raised by the defendants in this motion." The judge acted within his discretion. See Dziamba v. Warner & Stackpole LLP, 56 Mass. App. Ct. 397, 401 (2002).

The plaintiff also purports to appeal from the order denying his petition to vacate the arbitration award and the dismissal of his claims against O'Connor & Drew. He provides no explanation why either of those decisions was in error. Accordingly, review of these orders is waived. See Cubberley v. Commerce Ins. Co., 495 Mass. 289, 294 n.8 (2025); Geezil v. Whites Cliffs Condo. Four Ass'n, 105 Mass. App. Ct. 103, 112 n.8 (2024).

6

4.  <u>Conclusion</u>.  The order entered January 2, 2024, denying the plaintiffs' motion to modify, correct, or vacate the arbitration award is affirmed.  Insofar as the orders entered May 22, 2015, August 18, 2015, and July 19, 2017, effectively dismissed the other claims in the complaint, those orders are affirmed.

<u>So ordered</u>.

By the Court (Meade,
  Ditkoff & Toone, JJ.[4]),

Clerk

Entered:  December 15, 2025.

---

[4] The panelists are listed in order of seniority.